ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 12  PM 3:41

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STEVEN BERNARD BOYD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV 105-200 |
| ) | (CR 198-12) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255. The motion is now before the Court for initial review under Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED** and that this civil action be **CLOSED**.

## I. BACKGROUND

A grand jury sitting in the Southern District named petitioner and two co-defendants in a six-count indictment on March 6, 1998. Most of the charges were drug-related crimes. CR 198-012, Doc. 6. Prior to trial, the government filed a sentence enhancement notice under Title 21, United States Code, Section 851, alleging that petitioner had two or more prior felony drug convictions, including two 1989 convictions in the Superior Court of

Richmond County for possession of cocaine and for sale of cocaine and possession of cocaine with intent to distribute. CR 198-012, Doc. 113. A jury found petitioner guilty on five counts of the indictment and found him not guilty on one count. CR 198-012, Doc. 134. On September 29, 1998, the district judge sentenced petitioner to life imprisonment on two counts and 360 months imprisonment on the other three counts, all to be served concurrently. CR 198-012, Doc. 143. Petitioner filed an appeal with the Eleventh Circuit, and his conviction was affirmed in an unpublished decision. United States v. Winkfield, 216 F.3d 1090 (Table) (11th Cir. May 10, 2000) (No. 98-9275).

Petitioner then filed a Section 2255 motion. Boyd v. United States, CV 101-053 (S.D. Ga. Apr. 11, 2001). In that motion, petitioner raised several grounds for relief, including a challenge to using the prior drug convictions from the Superior Court of Richmond County. CV 101-053, Doc. 11. The district judge denied petitioner's Section 2255 motion on November 14, 2001. CV 101-053, Doc. 14. Petitioner unsuccessfully appealed the denial of his Section 2255 motion to the Eleventh Circuit Court of Appeals. Boyd v. United States, No. 02-10349 (11th Cir. May 10, 2002).

Petitioner then submitted a second motion under Section 2255, in which he argued that he should be re-sentenced because he had successfully attacked the two state convictions used to enhance his sentence. The district judge denied the motion as successive on April 19, 2004. CV104-38, Doc. 4.

Petitioner filed a third Section 2255 motion on December 12, 2005. In the motion, he again argues that he should be re-sentenced because his two prior state convictions have been vacated.

## II. DISCUSSION

Movant's successive Section 2255 motion is barred by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, codified at Title 28, United States Code, Sections 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Under Section 2244, prior to filing a successive petition in a district court, a movant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); accord In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (per curiam) ("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion.").

The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same conclusion. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (holding that district court lacked jurisdiction to consider "functional equivalent" to second Section 2254 petition for writ of habeas

3

corpus); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (finding that district court properly denied successive Section 2254 petition because petitioner neglected to obtain certificate from court of appeals authorizing district court to consider motion).

In this case, movant had already filed two Section 2255 motions before filing the instant Section 2255 motion. The court denied both prior motions. Movant has not obtained leave from the Eleventh Circuit to file a successive Section 2255 motion. The Court's discretion to review the instant motion does not hinge on the merits of the motion itself. Instead, the Court is without jurisdiction to consider the merits of the motion until movant has obtained leave from the Eleventh Circuit.

## III. CONCLUSION

Based on an initial review of the instant Section 2255 motion, as required by Rule 4 of the Rules Governing Section 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DENIED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE